UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD R. TALTON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:07-cv-00766 (PCD) |
| UNITED TECHNOLOGIES<br>CORPORATION,<br>    Defendant. | :<br>:<br>:<br>: |

## RULING ON MOTION TO DISMISS

Defendant United Technologies Corporation ("UTC") moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss *pro se* Plaintiff Leonard R. Talton's Amended Complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, Defendant's Motion to Dismiss [Doc. No. 28] is **granted.**

### I. BACKGROUND

Plaintiff Leonard R. Talton is a citizen of Connecticut and presently a state prisoner incarcerated at McDougall Correctional Institution. (Amend. Compl. ¶ 3.) Plaintiff's late mother, Patricia Snowden, was a beneficiary of a UTC pension plan as the result of a qualified domestics relations order ("QDRO") issued by a Connecticut state court. (Compl. ¶ B.) Mr. Talton and Ms. Snowden's other children were her contingent annuitants with respect to the UTC pension plan, but UTC has refused to pay them the benefits of the pension plan of which Ms. Snowden was a beneficiary. (Id.) Plaintiff filed his original Complaint in this action in April, 2007, alleging that UTC had "failed to honor their contract and such contract has been breached." (Id. ¶ A.) Plaintiff did not allege in his original Complaint that he had exhausted his administrative remedies under the relevant UTC pension plan or that to do so would be futile. UTC moved to dismiss Plaintiff's original Complaint for failure to state a claim because he had

failed to allege that he had exhausted his administrative remedies and because his state law claim was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

Instead of responding to UTC's first motion to dismiss, after multiple extensions of time to do so, Plaintiff Talton ultimately moved to amend his complaint. In his Amended Complaint, Plaintiff alleges that UTC's failure to pay him certain pension benefits violated various provisions of the United States and Connecticut Constitutions. The Amended Complaint contains four claims: (1) that Plaintiff was "deprived [of] property rights without procedural due process" in violation of the United States and Connecticut Constitutions (Am. Compl. ¶ 17); (2) that he was deprived of equal protection of the law and procedural due process (id. ¶ 19); (3) that UTC committed unconstitutional acts that deprived him of a property interest and due process (id. ¶ 21); and (4) that he was subjected to cruel and unusual punishment and was deprived of due process and equal protection of the law. (Id. ¶ 23.)

## II.  STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). When considering a motion to dismiss a *pro se* complaint pursuant to Rule 12(b)(6), the Court must assume the truth of the allegations and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombley, --- U.S. ----, 127 S. Ct. 1955, 1964-65 (2007). Although detailed factual

2

allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65; see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (declining to read Twombly's "flexible plausibility standard" as relating only to antitrust cases).

## III. DISCUSSION

Plaintiff asserts four claims against UTC, all of which are founded upon the United States and Connecticut Constitutions. (Am. Compl. ¶¶ 17, 19, 21, 23.) Defendant moves to dismiss all of Plaintiff's claims on the ground that UTC is a private actor and the Amended Complaint fails to allege that UTC acted under color of state law or conspired with a state actor. Section 1983, which is the vehicle for asserting a claim for the deprivation of federal constitutional rights, provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983. In order to state a claim under Section 1983, a plaintiff "must allege that he was injured by either a state actor or a private party acting under color of state law." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (quoting Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992)). A plaintiff must also allege state action to state a claim of a violation of the Connecticut Constitution. Hanton v. Massarri, No. CV05400314, 2005 WL 3112807, at *1 (Conn. Super. Nov. 2, 2005) ("causes of action for deprivation of a fundamental right under both the Connecticut and United States Constitutions

require a threshold showing of state action") (citing United Food & Commercial Workers Union v. Crystal Mall Assocs., L.P., 270 Conn. 261, 281-82, 852 A.2d 659 (2004)).

Plaintiff Talton does not allege that UTC is a state actor. Thus, UTC is beyond liability unless it engaged in conduct that can be characterized as state action or it acted in concert with a state actor to violate Mr. Talton's constitutional rights. Id.; Burke v. APT Foundation, 509 F. Supp. 2d 169, 173 (D. Conn. 2007). Nothing about UTC's alleged conduct can be characterized as state action. See Trancredi v. Met. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) ("Conduct that is ostensibly private can be fairly attributed to the state only if there is 'such a close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924 (2001))). Even if alleged conduct by a private party does not amount to state action for the purposes of Section 1983 liability, a private party may also be subject to suit under Section 1983 if the private party acted in concert or conspired with a state actor to violate a plaintiff's constitutional rights. "To state a claim against a private entity on a Section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Ciambriello, 292 F.3d at 324. "Put differently, a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" Id. (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598 (1970)). However, to survive a motion to dismiss, a plaintiff must allege the existence of an agreement between a state actor and a private party to act in concert to inflict an unconstitutional injury as well as allege an overt act done in furtherance of that goal causing damages. Id. at 324-25 (citing Pangburn v. Culbertson,

4

200 F.3d 65, 72 (2d Cir. 1999)); see also Colon v. Town of West Hartford, No. Civ. 3:00CV168, 2001 WL 45464, at *7 (D. Conn. Jan. 5, 2001).  Nowhere in his Amended Complaint does Plaintiff Talton mention the involvement of any state actor, let alone explicitly allege an agreement between UTC and a state actor to deprive him of his constitutional rights.  Plaintiff Talton has therefore not alleged facts that, if true, could support a finding of state action under Section 1983.  Accordingly, Talton's federal and state constitutional claims are dismissed for failure to allege state action.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [Doc. No. 28] is **granted.** Plaintiff's Amended Complaint is hereby dismissed with prejudice.  The Clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, this  28th  day of November, 2007.


                                                    /s/
                                   Peter C. Dorsey, U.S. District Judge
                                   United States District Court